1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| BUDDY J. BARNARD, ) | 1:08-CV-01885 GSA HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| JAMES E. TILTON, Secretary, ) | TO ENTER JUDGMENT |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK FORMS |
| _____ ) | FOR FILING A CIVIL RIGHTS ACTION |

17
18
19
20
21
22

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On December 8, 2008, Petitioner filed the instant petition along with a supplemental brief in support of the petition, and the matter was assigned to the undersigned. Petitioner filed returned a consent/decline form indicating consent to Magistrate Judge jurisdiction.

**DISCUSSION**

23
24
25
26
27
28

   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

1  petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend

2  unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v.

3  Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

4       In this case, Petitioner complains that the California Department of Corrections and

5  Rehabilitation ("CDCR") has arbitrarily ruled his crime on one hand to be extremely violent when

6  considering him for parole, and not extreme in nature on the other hand when classifying him and

7  transferring him from a Level III facility to a Level II facility. He claims this conflicting and arbitrary

8  determination violates his due process rights. The petition must be dismissed as the claim is not

9  cognizable and is plainly without merit.

10      At a state parole board proceeding, the only process to which an inmate is entitled is: 1) the

11  inmate must receive advance written notice of a hearing, Pedro v. Oregon Parole Board, 825 F.2d

12  1396, 1399 (9th Cir. 1987); 2) the inmate must be afforded an "opportunity to be heard," Greenholtz

13  v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 15 (1979); 3) if the inmate is denied

14  parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision

15  of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent,

16  Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th

17  Cir.1987). In this case, as noted in the Kings County Superior Court's decision denying relief which

18  Petitioner has attached to his petition, it is clear there was "some evidence" supporting the finding

19  that Petitioner's offense was extremely violent in nature. See Exhibits attached to Petition. Petitioner

20  stabbed the victim 25 times. Id. Therefore, Petitioner cannot demonstrate a due process violation

21  with respect to the parole board's determination.

22      Moreover, the standards used by the parole board and the prison housing administration are

23  different and do not require similar conclusions using the same facts. Pursuant to 15 C.C.R.

24  § 2402(c), the parole panel considers whether the offense was committed in a especially heinous,

25  atrocious or cruel manner in determining whether Petitioner is suitable for release. Pursuant to 15

26  C.C.R. § 3375.2, an inmate cannot be housed in a Level II facility if "[t]he commitment offense

27  involved multiple murders, *unusual violence* or execution-style murders or received high notoriety."

28  (Emphasis added.) A true finding utilizing one standard does not necessarily mean the other must

U.S. District Court
E. D. California      cd                    2

1  also be found. In this case, it can easily be argued that Petitioner's crime of stabbing a victim 25

2  times causing death is heinous and atrocious but at the same time not unusual, since stabbings, like

3  shootings, are probably not uncommon ways in which killings are committed.

4  **ORDER**

5    Accordingly, IT IS HEREBY ORDERED:

6    1) The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE;

7    2) The Clerk of Court is DIRECTED to enter judgment in this matter and terminate the case;

8  and

9    3) As this petition concerns a parole decision, a certificate of appealability is not required.

10  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005).

11

12    IT IS SO ORDERED.

13   **Dated:** **January 26, 2009**      **/s/ Gary S. Austin**

14                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28